UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY HOOD,
    Plaintiff,

vs.                                      09-1207

ROGER WALKER, et al.,
    Defendants

## CASE MANAGEMENT ORDER

      This cause is before the court for case management. On June 12, 2009, the pro se plaintiff filed a complaint with the court, but failed to pay the $350 filing fee or file a motion to proceed *in forma pauperis*. Therefore, the court entered an order on the same day telling the plaintiff that he must do one or the other within 21 days. The plaintiff has now responded with a confused letter to the court. [d/e 4].

      The plaintiff says there has been "a very great mistake." (Letter, p. 1) The plaintiff claims he "wrote to the court or clerk asking questions?! And detailing some of the abuse I'm currently suffering at the hands of Hill (Correctional Center) Officials." (Letter, p. 1) The plaintiff then goes on to complain about his treatment at the correctional center.

      The plaintiff concludes his letter by stating twice that he is "not ready to file against Hill." (Letter, p. 1). The plaintiff says he is ready to file against Dixon Correctional Center, but is not sure where to file for that claim. "So please answer questions, I understand you can not give any legal advice." (Letter, p. 1). The court notes the plaintiff currently has two lawsuits pending in the Northern District of Illinois concerning the conditions at Dixon Correctional Center, so he is fully aware where to file his lawsuit concerning this facility. *See Hood v Walker,* Case No. 09-50129 and *Hood v Def. No. 1,* Case No. 09-50127.

      A review of the document first submitted to the court on June 12, 2009, makes it clear that it appeared to be a complaint. [d/e 1] The plaintiff used a standard complaint form and clearly listed 33 named defendants and "unknown others." (Comp., p. 1) The plaintiff then attached 80 pages of exhibits. Included is an affidavit from the plaintiff in which he complains about prison conditions at Hill Correctional Center, and also asks a variety of questions. The questions are not clear, but the plaintiff appears to be asking if he can combine claims against Hill and Dixon Correctional Centers in the same complaint. The plaintiff has also included trust fund records and states he is sending it to "show and prove that I'm a (indigent inmate) poor-person!" (Comp, p. 4).

      The court notes that it could easily interpret this document and as both a complaint and a motion to proceed *in forma pauperis*. However, the court appreciates that the plaintiff has no legal representation and will give the plaintiff the benefit of the doubt and dismiss this action

without accessing a fee.  However, this is the last time the court will make this exception.   The plaintiff is advised that if he continues to send documents like this to the court, the court will open a lawsuit and the plaintiff will be required to pay the filing fee.   The plaintiff is admonished that he should not send letters or documents to the court complaining about prison conditions unless he is asking to open a lawsuit.  The court has no jurisdiction unless there is a pending lawsuit.  In addition, as the plaintiff has noted, the clerk of the court cannot provide legal advise.  Asking whether he can combine claims in one lawsuit is asking for legal advise and the clerk will not provide a response.

The plaintiff is advised that he cannot bring unrelated claims in a single case. "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  The plaintiff is further admonished that if he does file unrelated claims in one lawsuit, he could earn strike pursuant to 28 U.S.C. § 1915(g).

In addition, the plaintiff should not attach dozens of pages of documents to his complaint and ask the court to wade through the exhibits in hopes of finding additional claims.   Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Finally, the court has agreed to dismiss this lawsuit at the plaintiff's request, but it is the plaintiff's responsibility to make sure any claims are filed within the proper statute of limitations period.

**IT IS THEREFORE ordered that:**

**1) This case is dismissed.  No filing fee will be accessed as the pro se plaintiff did not intend to file a lawsuit.**

**2) The merit review hearing scheduled for July 28, 2009 at 9:45 is canceled and the writ is recalled.  The clerk is to notify the plaintiff and his place of residence.**

Entered this 8th Day of June, 2009

                                              s\Harold A. Baker

                                              HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE